*466 OPINION of the Court, by
Ch. J. Boyxb
_This was a bill filed for the purpose of obtaining a conveyance óf a lot in the town of Versailles, which the complainant alleges he had purchased of the ancestor of the defen- ■ dants. -•-■■■
*467 The defendants pleaded and relied tipon the statute against frauds and perjuries ; and on the hearing of the cause the only -written evidence of the contract produced by the complainant, was a receipt in the following words and figures, viz. ■ *.
“ 4th January 1808 — ^Received of Jesse Ellis in part pay for a lot he bought of me in the town of Ver-sallies ; it being the cash part of the purchase of said lot. Nathan Deadman. Test, Will. Atwood, jr.”
The court below being of opinion that this was not such a memorandum in writing of the contract as was binding under the statute against frauds and perjuries* dismissed the bill, and the complainant has appealed to this court.
We have no hesitation in concurring in opinion wit& the court below. If the receipt had specified the terms of the agreement, there would have been no doubt of the propriety of decreeing a specific execution: for although the receipt was apparently intended only to be evidence of the payment which had been made, yet it Would itt that case have been in fact such a memorandum of the agreement as would have taken the case out of the provision of the statute. But as the receipt contatos nó evidence of the terms of the contract, it is obvioiis that what those terms were can only be ascertained by the introduction of parol testimony — the evils arising from which, in such cases, it was the great object of the sta-^ tute to prevent.
That a receipt, or other writing not specifying the terms of the agreement, will not take the case out of tfefc statute against frauds and perjuries in England, is well settled by the adjudications of the courts of that country. — Sugdon 61-2, and the cases there cited. And as the language of our statute in relation to contracts for the sale of land, is in substance the same as that of the British statute, it is clearly not susceptible of a different construction. It was accordingly held by this court in the case oí Parker’s heirs vs. Bodley, ( ante 102) that a writing not specifying the terms of the agreement did not» take the case out of the statute of this country.
Decree affirmed.