Judge Underwood
delivered the opinion of the Court.
This is an action of assumpsit, instituted by Daniel against John Gray, and was tried on counts, for money had and received, laid out and expended, and lent and advanced. Plea, non assumpsit. Verdict and judgment for the plaintiff. After the plaintiff clpsed his evidence, the defendant moved the court to instruct the jury to find as in case of a non-suit.
The evidence was, in substance, this; Daniel Gray held a note on John, for $>1286. Daniel contracted with John for two horses, at the price of $200, which was to be credited on the note, but whether the horses were delivered or not, the witness did not know. The witness proposed that the plaintiff should purchase land of the defendant, and a verbal contract was concluded between them, by which the plaintiff was to have 200 acres of land, the title for which was in the witness, and the defendant was to have his note for $1286, and the plaintiff was to pay the balance of the price stipulated for the land, in money. The plaintiff said, before the bargain was made, that he would agree to purchase land, provided the defendant would take back the horses at the price he allowed for them. The defendant got the note and the horses, in part payment of the land. Whether the note was credited with the price of the horses or not, the witness did not know; but the witness thought it was not. The contracts relative to the horses and land, were made on the same day, or within a short time of each other. The evidence left it doubtful whether the contract relative to the horses ivas ever consummated. Upon the foregoing evidence, the court overruled the motion.
After the evidence was closed, on both sides, the defendant asked two instructions to the jury, which the court refused to give, and which may be properly considered in deciding on the refusal to instruct the *22 jury to find ás in case of a non-suit. The first was, that if the jury believed, from the evidence, that money was not actually received by John Gray, in payment for the land, they must find for the defendant; and the second was, in substance, that if John Gray had not actually received money for the plaintiffs use, or had no money in his hands, which belonged to -the plaintiff, and if the cash note and two horses was the only consideration paid for the land, they should find for the defendant. Both these instructions were overruled by the court, and we think properly.
A holds the note of B, for money, he surrenders it upon a consideration which fails or cannot be enforced : as-sumpsit for money had and received, the proper remedy of A vs. B, for the amount of the note.
The note was evidence that John owed Daniel so much'money. As every man ought to pay his debts punctually, when they become due, and as all men are presumed fo do what is right, until the contrary appears, it should be taken that John had the money ready for Daniel, and if Daniel surrendered the note to John, in the purchase of property from him, it was no more than to say to him, “use the money you have prepared to pay me, I now pay it to you in consideration of the property I have purchased.” If this consideration is never received by Daniel, and cannot be obtained, as the note for the money has been surrendered, and in this case surrendered upon a parol contract for land, which cannot be enforced, and for the violation and breach of which, no action can be sustained, according to the provisions of the statute of frauds, it is highly proper to consider the amount of money due upon the note,as so much had and received to the use of Daniel Gray. In principle, we see no reason why assumpsit for money had and received, may not be sustained in such a case, as well as it may be, in a case where A sells a horse to B, and agrees that if B dislikes the horse and re-delivers the horse to C, he should repay the money; otherwise, A, himself, would do it. Upon the re-delivery of the horse to C, B may maintain his action for money had and received to his use, against A. See Comyn on contracts, 75; III. Lev. 364. It was not, therefore, essential that money should have actually passed from the hands of Daniel to John Gray. The surrender of thé note on John, was equivalent to the actual payment of the money to him. As the instructions were framed and asked for the purpose of showing the contrary to be *23 law, the court properly refused them. We are also, of opinion that the court correctly overruled'the motion to instruct as in case of a nonsuit* The evi dence showed that the defendant had sold land, the title of which was in another; and that the plaintiff had no legal remedy to enforce the contract. Under such circumstances, we think he should have recovered, unless the defendant could make it appear that ex eguo et bono, he ought not. To establish this, was the defendant’s business, after the plaintiff had made out his cause of action.
The statute frauds does paroi Oon-tracts, lor lim<b voi<J”
The question now presents itself, whether the course attempted to be taken by the defendant, to exonerate himself, and in which he was obstructed by the court, was legitimate or not. The defendant, after his motion for a non-suit failed, offered to prove that he was always ready and willing to make a legal deed to the land, that the plaintiff refused to acc'ept a deed; that the plaintiff, after living on the land four years, voluntarily abandoned it, the land having fallen in value, that the land had remained vacant and unoccupied since the plaintiff left it, and that about the lime the plaintiff abandoned the land, a conveyance was made to him by deed, with general warranty, and recorded in the clerk’s office of the county, where the land lay, and which the plaintiff refused to accept. The court excluded all this evidence, to which the defendant excepted.
The circuit judge, we presume, acted upon the idea that the contract, relative to the land, being by parol, was either absolutely void, or if not entirely void, that it could not be considered as possessing such validity, under the operation of the statute of frauds, as would shield the defendant when fortified by the proof offered. The letter of the statute of frauds does not declare a parol contract for land void* It only refuses to give a remedy for the enforcement or breach of such a contract; but the contract itself may, for the purposes of defence, be used as a shield to protect the defendant against unconseientious demands, and claims growing out of the contract, as has been most dearly settled in the cases of Barnes, Anderson, &c. vs. Wise, III. Monroe, 167, and Roberts vs. Tennell, III. Monroe, 247.
The right to recover back money, paid upon a parol contract for land, results from the want oflegal obligation to such contract if the party will voluntarily do that which he promised, there can be no implied promise to return the money, and ex equo and bono, there is nothing due to the pl’tff. Error to refuse to permit df’t, to prove that he had always been willing and able, to comply with promise, and had actually made a deed Which pl’tff. refused to accept.
In the present case, Daniel has advanced his money to John Gray, in consideration of his promise to convey land. This promise is not obligatory on John* because of the statute of frauds, and therefore^ the law will imply a contract upon which Daniel may recover his money. It is the inability which the statute places Daniel under, to recover that which he contracted for, coupled with the manifest injustice of permitting John to hold Daniel’s money for nothing, that creates the implied assumpsit to retuin the money.
/^Assumpsit is an equitable action, and may be defeated by showing that ex.equo ei bono, the plaintiff ought not to recover. Now, in this case, if John will do, Voluntarily, that which he contracted to perform and from which he is legally exonerated by the policy of the statute, why should the law imply a contract that he should, return the money? We can perceive no reason for such an implication, provided there has been no fraud or mistake. Does it injure Daniel, in this instance, if he gets what he contracted for? If that be tendered to him, ought he, in conscience, to ask any thing more? He ought not. What then did the defendant offer to prove? It is useless to repeat it. It was no less than to show that he had always been ready and willing to make title, and that he had made a title, and the plaintiff refused to receive it. If the plaintiff is permitted to play this game, the statute will be made the instrument, in his hands, of practising fraud instead of preventing it. We aie* therefore, of opinion, that the circuit court erred in rejecting the evidence offered by the defendant. }
We are satisfied that there is nothing in the principles here laid down, inconsistent with the doctrines upon which this court has heretofore acted. In the case of Keith vs. Patton, I. Marshall, 24, the court said that the vendor of, land, by parol, .was bound to restore the property or .account in damages for the conversion of the property, which he may have received, “on his refusal, to convey the land agreeable to : his contract.” This we take to be a clear intimation that if it shall be shown on the trial, as the defendant *25 in this case, proffered to do, that he was always ready and willing to convey the title, and had done it, and that the plaintiff would not accept the conveyance, then there can be no recovery. We have not deemed it necessary to consult the numerous cases referred to, as having been decided by the supreme court of New-York, sustaining the opinion here given. We shall content ourselves by giving references from the brief of the plaintiff’s counsel, for the us,e of those who may be disposed to consult the reasoning of that enlightened tribunal. See, Xi. Johnson, 525; XU. Johnson^451; XIII. Johnson, 359; XIX. Johnson,73; XX. Johnson, 24.
Crittenden and Denny, for plaintiff; Monroe, for. defendant.
We have not deemed it important to notice other points on either side, which were made in the circuit court. For they may not occur upon a new trial, as the parties may have leave to prepare de novo.
Judgment reversed, and cause remanded for á new trial not inconsistent with this opinion.
The plaintiff in error must recover his costs.