Mr. Justice Smith
delivered the opinion of the court.
The appellee, Mulligan, filed his bill on the equity side of the circuit court of Hinds, to compel Patrick Connell to convey to him the one half of lot No. 56, south, in the city of Jackson. A decree was pronounced, in conformity with the prayer of the bill, in May, 1846; and the cause comes before us by an appeal granted on petition in 1847.
It appears by the bill that Mulligan, having contracted with John S. Gooch for the purchase of the lot in the city of Jackson, *390 and not having the means of completing the purchase, entered into an agreement with the appellant in these terms, as it appears from exhibits 1 and 2, made part of his answer by the respondent in the court below, to wit: 1. William Mulligan agreeth to take into partnership said Patrick Connell in a certain lot in the city of Jackson, for and in consideration of one hundred and sixty-five dollars, of lawful currency of the United States of America, and that both parties are to hold the land in company. 2. Said William Mulligan doth promise to said P. Connell to pay his half of the above sum, being eighty-two and a half dollars, on or before the first day of May next; and failing in doing so, shall forfeit his claim thereto, if not paid within at least three months after said first day of May next. This was signed by both parties. Connell'paid the money to Gooch, and took a title to said lot in his own name; and insists that he is not bound to convey one half thereof to said Mulligan, inasmuch as the said agreement was void by the statute of frauds and perjuries. This objection presents the first question.
It appears to be well settled, that a writing, not specifying the terms of the agreement, will not take the case out of the statute against frauds and perjuries. Parkhurst v. Van Cortland, 1 J. Ch. R. 279. In the case of Ellis v. Deadman’s Heirs, 4 Bibb, 466, the writing or memorandum relied on was in these words, to wit: “4th January, 1808. Received of Jesse Ellis $ — , in part pay of a lot he bought of me in the town of Merides, it being the cash' part of the payment of said lot.” The court say there would have been- no doubt of the propriety of decreeing a specific performance of the agreement, if the terms of the agreement had been specified, although the receipt apparently was only intended to be evidence of the payment which had been made. The agreement under consideration is not objectionable on that ground. The terms are sufficiently distinct. The writing sets out that Mulligan agrees to take Connell into partnership in a certain lot of land in the city of Jackson, in consideration of Connell’s paying $165; that said lot was to be held by them in partnership, and that Mulligan was to repay to Connell one half of the $165 -by a stipulated time. No *391 resort to parol evidence was necessary to ascertain what the terms of the agreement were, the evils arising from which, in such cases, it was one of the great objects of the statute to prevent. The obligations and rights of the parties, under the agreement, were mutual. Mulligan was as much bound as Connell, and would have been compelled to convey to him one half of the lot, if the title had been taken in the name of Mulligan.
It is further objected, that the agreement does not designate the lot of land which was the subject-matter of the contract, and that it is consequently void for uncertainty. The agreement must be understood to refer to the lot, for the purchase of which the money was advanced by Connell. The answer to the bill in the court below shows that it was lot No. 56, south, in reference to which the parties contracted. No injury or injustice could possibly result to Connell. He knew at the time of entering into the agreement what lot was intended, and if, upon the face of the agreement, there was any uncertainty, his answer has removed it.
The agreement specifies that Mulligan was to repay, at the time stipulated, to Connell, $82.50. There was no agreement that he should pay interest on the money advanced by Connell. A tender, therefore, of that amount was a literal compliance with the terms of his contract. The answer admits that Mulligan tendered more than that sum; indeed, no objection was made on the ground of the insufficiency of the tender. Connell objected to convey one half of the lot, because Mulligan refused to defray one half of the expense of inclosing it. This, Mulligan was clearly not bound to do.' It was no part of the written agreement, and the appellant produced no evidence of a subsequent contract for that purpose.
The remaining objection is predicated on a misconstruction of the decree, which we deem it unnecessary to notice.
Let the decree be affirmed.