CASE 57—PETITION EQUITY—OCTOBER 1.

## Tyler v. Onzts, &c.

APPEAL FROM BELL COURT OF COMMON PLEAS.

1. To CONSTITUTE A VALID CONTRACT FOR THE SALE OF LAND UNDER THE STATUTE OF FRAUDS, the memorandum or note thereof should be so full that its meaning may be ascertained and the contract enforced without aid of extrinsic verbal testimony, and if it be executory on both sides the terms or consideration should likewise appear independent of parol evidence.

A writing executed by the vendor acknowledging receipt of the vendee of "One hundred dollars, part of cash payment on lot 4, block 9, N. E., in Middlesborough, Ky., on following terms: $5,100, $2,500 cash, $1,181.25 in four months, $1,181.25 in eight months, and three company notes, $62.50 each, in one, two and three years," is a sufficient compliance with the statute.

2. THE VENDEE DID NOT FORFEIT HIS RIGHT TO RELIEF BY HIS FAILURE TO MAKE THE ENTIRE CASH PAYMENT of twenty-five hundred dollars at the time of the contract, for acceptance of one hundred dollars of that amount by the vendor's agent simultaneously with the execution and delivery of the writing to the vendee shows the parties did not contemplate payment or tender of the whole amount presently. Moreover, time is not generally deemed in equity to be of the essence of such a contract unless the parties have expressly so treated it, or it necessarily follows from the nature and circumstances of the contract. And in any view of the case the vendee had a reasonable time in which to make the complete cash payment, that had certainly not expired when he commenced this action, which was within ten days after date of contract.

3. SPECIFIC PERFORMANCE.—While payment of the entire sum of twenty-five hundred dollars is a condition precedent of the vendee's right to specific execution of the contract, yet, as the vendor was a non-resident of the State, had asserted his refusal to comply with the contract and placed the lot in the hands of an agent for the purpose of selling it to another party, these facts should be regarded as sufficient excuse·

for not paying or tendering the residue of the twenty-five hundred dollars. And though the tender of the cash payment made in the petition does not amount to a deposit in court, yet, as the chancellor has it in his power to make such deposit a condition of granting relief, the failure should not be treated as sufficient ground for sustaining a general demurrer.

TYLER & APPERSON ꜰᴏʀ ᴀᴘᴘᴇʟʟᴀɴᴛ.

The writing sued on is sufficient to take the case out of the Statute of Frauds. (Ellis v. Deadman's heirs, 4 Bibb, 466; Fugate v. Hansford's Ex'cr, 3 Litt., 262; Overstreet v. Rice, 4 Bush, 3; Miller's Heirs v. Antle, 2 Bush, 407; Winn v. Henry, 84 Ky., 52.)

ISAAC T. WOODSON ꜰᴏʀ ᴀᴘᴘᴇʟʟᴇᴇ ᴀʀᴛʜᴜʀ.

1. This case falls within the rule as to mutual dependent covenants which requires that the plaintiff must allege performance on his own part; and the case is to be distinguished from actions by vendors on notes which are independent covenants and governed by different rules. (Hutchings v. Moore, 4 Met., 112; Hawley v. Mason, 9 Dana, 33; Escott & Son v. White, 10 Bush, 132.)

It was incumbent upon appellant to allege that he had paid the $2,500 cash as a condition precedent to his compelling a conveyance.

2. The alleged contract is of such an indefinite nature it would not have been proper for a court of equity to enforce it specifically. (Waterman on Spec. Perf., par. 154, p. 204; City Camden & A. R. Co. v. Stewart, 18 N. J. Eq., 489; 42 Miss., 724; 102 Mass., 204; Ellis v. Deadman, 4 Bibb, 467; 15 Tex., 50; 25 Tex., 408; Pearce v. Watts, L. R., 20 Eq., 492; Parson on Contracts, vol. 3, p. 416 and notes, ed., 1886; Wycomb R. Co. v. Dunnington Hospital, L. R., 1 Ch., 268; Wilson v. N. B. F. R. Co., L. R., 9 Ch., 279; Waterman on Spec. Perf., par. 152, p. 198; Barbour v. Pate, 2 Mon., 8; Taylor v. Ashley, 15 Tex., 50; Story's Eq., 764; 2 White & Tudor's Leading Cases, p. 942.)

3. To satisfy the requirements of the Statute of Frauds the contract must be in writing, and that writing must be complete in itself. (Fowler v. Lewis, 3 Mar., 1254; Rankin v. Maxwell, 2 Mar., 828; Gray v. Davis, 3 J. J. Mar., 383; Madeira v. Hopkins, 12 B. M., 604; Holtzclaw v. Blackerby, 9 Bush, 44.)

The contract must not only be in writing, signed by the party to be charged, but must be a definite contract and mutually binding upon the parties. (Kay v. Casey & Curd, 6 B. M., 102; Newland on Contracts, 155; Boucher v. Van Buskirk, 2 Mar., 724; Eastland v. Vanarsdale, 3 Bibb., 276.)

4. It is not a condition precedent for the vendor to first tender a deed before enforcing payment of the purchase money. (Trimble v. Green, 3 Dana, 355.)

5. It is necessary in a bill for specific performance to show that the consid-

eration is paid or its payment prevented or rendered unnecessary by the terms of the contract or the acts of the opposite party. (Chitty on Contracts, p. 638; Mitchell v. Maupin, 3 Mon., 188; Sously v. Burns, 10 Bush, 87; Escott v. White, 10 Bush, 172; Hutchings v. Moore, 4 Met., 112; Hawley v. Mason, 9 Dana, 33; Alexander v. Wales, 6 Mon., 325; McCall v. Welch, 3 Bibb, 290; Stewart v. Hatton, 3 J. J. Mar., 179; Jones v. Noble, 3 Bush, 694; Allen v. Roberts, 2 Bibb, 98; Stevenson and Wife v. Dunlap, 7 Mon., 143; Davis v. Noaks, 3 J. J. Mar., 494.)

6. Time is of the essence of the contract. (Mason v. Chambers, 3 Mon., 321; Parsons on Contracts, vol. 3, 385; Tevis' Representatives v. Richardson, 7 Mon., 657; Bullock v. Adams, 20 N. J. Eq., 372.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant brought this action January 13, 1890, against J. W. Onzts, alleged to be non-resident, on the following writing:

"Received, January 3, 1890, of M. S. Tyler, one hundred dollars, part of cash payment on lot No. 4, block 9, N. E., in Middlesboro, Ky., on following terms: $5,100, $2,500 cash, $1,181.25 in four months, $1,181.25 in eight months, with 6 per cent., and three company notes, $62.50 each, in one, two and three years.

"J. W. Onzts.

"By Jas. T. Fisher, Agt."

He states in his original petition, in substance, that he is and has always been ready, and now offers and tenders, to pay balance of said cash payment, execute notes for the deferred payments and assume said company notes, if defendant will comply with his contract and convey said lot to him. That defendant has refused and is now refusing and asserting he will not comply with his contract to convey said lot to plaintiff; and is offering and attempting to sell it to others, and for that purpose has placed it in the hands of an agent, other than Jas. T. Fisher, who was authorized to sell to plaintiff. And in addition to

specific execution of the contract, an injunction restraining defendant selling the lot to another is prayed for.

December 3, 1890, an amended petition was filed, in which it is stated that since commencement of the action appellee Arthur, made defendant, having actual notice of the sale to and purchase by appellant, for the fraudulent purpose of preventing enforcement by him of the contract, procured defendant Onzts, January 17, 1890, to execute to himself and file for record a deed for the same lot, of which he, Arthur, February 1, 1890, obtained and has since held possession.

The record does not show that Onzts made any defense to the action, or has in fact been yet summoned. But to the petition as amended Arthur alone filed a general demurrer, that was sustained, and the action thereupon dismissed.

Waiving the question whether it was premature to sustain the demurrer and dismiss the action before Onzts had been brought before the court and made defense, we will consider and determine whether a cause of action has been stated in the petition amended, as if he had really appeared and demurred. For it is clear that if Arthur had, as alleged, actual notice of the contract between appellant and Onzts when he purchased the lot, or his purchase was made after commencement of this action, both of which facts must on trial of the demurrer be assumed, he did not acquire any right or interest that can prevent the relief appellant seeks, if the writing sued on is evidence of an enforceable contract. And whether it is or not is the first question to be considered.

Section 1, chapter 22 General Statutes provides that "no action shall be brought to charge any person upon a con-

tract for the sale of real estate unless the contract or some memorandum or note thereof be in writing and signed by the party to be charged therewith or by his authorized agent."

The test of the validity of a contract under that statute uniformly applied by this court is that the memorandum or note thereof should be so complete and full the meaning thereof may be ascertained and it enforced without aid of extrinsic verbal testimony.

In Ellis v. Deadman, 4 Bibb, 466, the writing was as follows: "4th January, 1808—Received of Jesse Ellis, $—— in part pay for a lot he bought of me in the town of Versailles; it being the cash part of the purchase of said lot.

"NATHAN DEADMAN."

Though the writing in that case, which purports to be simply a receipt, was held not to be enforceable under the statute, still the court said that if terms of the agreement had been specified there would be no doubt of the propriety of enforcing a specific execution.

In Fugate v. Hansford, 3 Litt., 262, the writing was: "The trustees of the town of Carlisle, in Nicholas county, will please convey lot No. 32 to George L. Howard, who has this day purchased said lot from me and for which I have received value in full.   Nov. 2, 1816.

"JAMES FUGATE, JR."

In that case the writing was held sufficiently descriptive of the land sold and contained enough otherwise to entitle the party to specific execution ; a statement in the writing of the consideration not being regarded necessary because, as said by the court, the contract was executed on the part of the purchaser by payment of the price.

It will be seen that, although in both those cases the

vendor alone signed the writing, and in neither cove-
nanted in terms to convey the land, his implied agreement
to do so was held to be sufficient to bind him.

In this case the lot is sufficiently described; the pur-
chase price, also time for paying the several installments,
are set out, and an agreement to convey upon terms stated
may be fairly, indeed must be necessarily, implied. It is
true the holder of the "three company notes" mentioned
is not clearly indicated; but there is no uncertainty about
the obligation of the vendee to pay to or for the vendor
amount thereof at the dates specified. It therefore seems
to us the writing sued on is full evidence of a contract of
sale and purchase of land, enforceable under the statute by
either party.

Unquestionably payment of the entire sum of two thou-
sand five hundred dollars is a condition precedent of
appellant's right to specific execution of the contract, and
he can not consequently maintain this action without
making or tendering such payment. But he had not
when the action was commenced, which was within ten
days after date of the contract, waived or forfeited his
right to the relief asked. For, although the parties sub-
stantially agreed two thousand five hundred dollars was
to be treated as a partial payment then due, acceptance
of one hundred dollars of that amount by the vendor's
agent simultaneous with execution and delivery of the
writing to the vendee, shows they did not contemplate
payment or tender of the whole amount presently. More-
over, time is not generally deemed in equity to be of the
essence of such contract unless the parties have expressly
so treated it, or it necessarily follows from the nature and
circumstances of the contract. (Story's Equity, sec. 776.)

There is nothing in the nature or circumstances of the contract in question that makes it an exception to that rule. For the remedies of the vendor and vendee are mutual; there had, when the action was commenced, been no change of circumstances affecting the character or justice of the contract, and compensation for delay of the vendee in making the cash payment, as well as for delay in complying with other stipulations, if there has been any, can be justly given to the vendor in the way of interest. On the other hand, in any view of the case the vendee had a reasonable time in which to make the complete cash payment, that had certainly not expired when the action was commenced, and he can not be fully compensated for loss of one hundred dollars paid unless the contract be enforced.

It is true he does not allege in his petition that he had, prior to the institution of the action, tendered the unpaid balance of the cash payment to the vendor or his agent. He does, however, state he had always been ready to do so, but that the vendor was a non-resident of the State; had asserted his refusal to comply with the contract; and placed the lot in the hands of an agent, other than Fisher, for the purpose of selling it to another party. It seems to us the facts thus stated should be regarded as sufficient excuse for not paying or tendering the residue of two thousand five hundred dollars; for they are such as to render compliance by the vendee impossible, because there was no person in this State to whom a payment could be made.

The tender of the cash payment made in the petition does not amount to a deposit in court; but as it is in the power of the Chancellor to make such deposit a condition

of granting relief, the failure should not be treated as sufficient ground for sustaining a general demurrer, especially when filed by Arthur, who, as the record now appears, is not in a condition to defeat a specific execution of the contract.

Wherefore, the judgment is reversed and cause remanded for further proceedings consistent with this opinion.