### Matherley v. Wright.

(Decided September 29, 1916.)

## Appeal from Washington Circuit Court.

1. Frauds, Statute of—Contract for Sale of Land—Parol Evidence.— In a contract in writing for the sale of lands, if the description of the lands is sufficient to so identify them, that without the aid of extrinsic testimony, they can be designated and pointed out by parol evidence, the requirements of the statute of frauds are satisfied, so far as relates to a description of the property proposed to be sold.

2. Contracts—Written Contracts—Pleading.—When an action is founded upon a writing, the writing should be set out in the petition, or so much of it as is material to the cause of action, and the writing should be filed with the petition as a part of it.

3. Contract—Breach of for Sale of Land.—In a suit for the breach of contract for the sale of land, the petition is not bad on demurrer because the description of the lands set out in the petition is different from the description contained in the written testimonial of the contract, where it is alleged that the tract of land described in the petition is the same as that described in the written testimonial.

S. A. RUSSELL and MARSHALL & DUNCAN for appellant.

W. C. McCHORD for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This is an appeal from a judgment of the Washington circuit court, which adjudged that a general demurrer to the petition of appellant was well taken and the appellant having declined to amend his petition, it was dismissed. The action was based upon a contract in writing, which was subscribed by both appellee and appellant, and by the terms of which the appellee had sold to appellant on the 7th day of October, 1914, in consideration of three thousand dollars to be paid, cash in hand, on January 1st, 1915, "his house and five acres more or less located in Mackville, on the Mackville and Willisburg turnpike road." It was further agreed and so expressed in the writing, that appellee on receiving the consideration on the first day of January, 1915, in cash, would convey the lands described in the writing, to appellant, by a deed containing a clause of general warranty, and would give possession of the lands to appellant on that date.

The petition, in substance, alleges that on the 7th day of October, 1914, the appellant purchased from the appellee the lands described in the petition, at the price of three thousand dollars; that on that date the appellee executed and delivered to him a writing, which was signed by appellee and which is filed with the petition, as a part of it, and marked "A," whereby appellee sold to appellant and agreed to convey to him on January 1st, 1915, between five and six acres of land together with the residence and other improvements thereon, with appurtenances thereunto belonging, and situated in the town of Mackville, in Washington county, Kentucky. The lands alleged to have been sold are then further described by a description of six acres of land, by metes and bounds, courses and distances, and which is alleged to have been the original tract, and the tract so sold being such boundary, less the lots theretofore sold by appellee to Robert Cull and Henry Graves. It is further alleged that appellant agreed to pay appellee for the property three thousand dollars on January 1st, 1915, and appellee agreed, as evidenced by the writing, to convey the property on that date to appellant, by a deed with clause of general warranty, and to deliver full possession of it to him at that time; that on the date mentioned he offered to pay to appellee three thousand dollars, in cash, for the property and tendered

that sum to him in payment for the property, and demanded of appellee that he convey the property to him by deed of general warranty and to deliver the possession to him, but that in violation of the covenants of the contract, the appellee refused to convey or to deliver the possession of the property to him, and still refuses to do so, whereby he suffered damages, etc.

The reasons for the demurrer relied upon by appellee are: (1) The writing filed with the petition as the evidence of the contract for the sale of the land does not sufficiently identify the lands proposed to be sold to make the sale a valid and enforceable one under the statute of frauds; and (2) The writing upon which the action is founded is not filed as a part of the petition, nor is it or so much of it as is material to the action set out in the petition.

The first ground of demurrer involves the determination of whether the writing upon which the suit is founded contains a sufficient description of the land alleged to have been sold, in the petition, to satisfy the requirements of the statute of frauds and to enable the appellant to maintain an action to charge the appellee with damages upon his refusal to convey the land. As before stated, the description of the lands proposed to be sold is: "the party of the first part (appellee) has this day sold to the party of the second part (appellant) his house and five acres more or less in the town of Mackville, on the Mackville and Willisburg turnpike road." Does this description sufficiently identify the land so that it may be designated or pointed out by parol proof? The purpose of the statute of frauds was to eliminate the resort to parol evidence to identify the subject matter of the contract, as well as the terms of the contract, with reference to the sales of lands. Parol evidence is not admissible to prove the terms of a contract for the sale of land, and neither is it admissible to identify the subject matter of the contract. The description of the subject matter of the contract, in the written memorial of it, must be the evidence of identity. In Bates v. Harris, 144 Ky. 400, the court said:

"The rule is, that where the writing within itself, or by reference to other writings, contains sufficient data, so that by the aid of parol evidence no question as to the intention of the parties can arise, it is sufficient. The most specific and precise description of the property requires some parol proof to complete its

identification. A more general description requires more. When all the circumstances of possession, ownership, situation of the parties and their relations to each other and the property, as they were, when the negotiations took place and the writings made, are disclosed, if the meaning and application of the writing read in the light of these circumstances are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement.''

In that case the description of the subject matter of the contract was: ''Her Muddy Creek farm * * *. The farm embraces (113) one hundred and thirteen acres.'' It was held that the description was sufficient to identify the property so that it could be designated by parol proof, and was sufficient to support an action under the statute. ''Ten acres adjoining him on the north,'' in a bond for title for land of the vendor adjoining the vendee, was held to be sufficient. Hanly v. Blackford, 1 Dana 2. ''My home place and storehouse'' was held to be a sufficient description in Henderson v. Perkins, 94 Ky. 211. ''Lot No. 4, Block 9, N. E., in Middlesboro, Ky.,'' was adjudged a sufficient description in Tyler v. Onzts, 93 Ky. 331. ''My farm, known as the John Baskett home farm,'' was adjudged a sufficient description in Posey v. Kimsey, 146 Ky. 205. In Hall v. Cotton, 167 Ky. 467, the court quotes with approval the following note to Bates v. Harris, *supra,* in 36 L. R. A. (N. S.) 154:

''Applying these rules to the specific question under discussion, it would seem that where the description of the subject matter is such, that by the aid of extrinsic evidence, it may be applied to the exact property as to which the minds of the parties met, it would be sufficient; but that where the local appellation used does not supply the description, parol evidence would not be admissible, and the description would be insufficient under the statute of frauds. * * *''

The description in the writing, in the instant case, describes the property, first, as ''his (appellee's) house and five acres more or less.'' It then fixes its location, ''in the town of Mackville,'' and ''on the Mackville and Willisburg turnpike road.'' This imports a particular house and five acres of land, in the town of Mackville and its identity is rendered certain by the fact that it was then owned by appellee. It was the five acres more or less of land then owned by appellee, in

the town of Mackville, and on the Mackville and Willis-burg turnpike road. It seems that this description so identifies it, that any person who is acquainted in the community, without other evidence of its identity, could point it out or designate it, and is sufficient to satisfy the requirements of the statute of frauds.

(2) As to the second ground relied upon to sustain the demurrer, section 120, Civil Code, provides, that when an action is founded on a bond, bill, note or other writing as an evidence of indebtedness, the writing must be filed as a part of the pleading, if within the power of the party to do so. An examination of the petition, in the instant case, shows that the writing which evidences the contract between appellant and appellee was filed with the petition as a part of it, and a specific averment was made to that effect. It is true, that in an action founded upon a bond or other writing, the petition should state the substance of the writing, or at least so much of it as is material to the action. Collins v. Blackburn, 14 B. M. 252; Hill v. Barrett, 14 B. M. 83. The petition, however, contains the substance of the writing sued on, in this action, and all of it, that is material to the appellant's cause of action is stated in the petition. It is insisted that the petition is defective, in that the description, in the petition, of the land alleged to have been sold to appellant is not the same as the description of it contained in the written evidence of the contract, and that there is no allegation in the petition to the effect, that the land described in the petition is the same land as that described in the writing which embraces the contract. This objection is not well founded. If the petition describes the same tract of land which is described in the writing, which embraces the contract, the petition is not bad on demurrer, because the description of the land therein contained is more specific than the description in the writing. It is, however, necessary that it be averred that the lands described in the petition are the same which are the subject of the contract and described in the writing, but in our opinion this is substantially done by the averments of the petition.

It is, therefore, ordered, that the judgment be reversed, and the cause remanded, with directions to set aside the judgment appealed from, and to overrule the demurrer, and for proceedings consistent with this opinion.