## Montgomery et al. v. Graves et al.

Dec. 21, 1945.

S. J. Stallings and Kenneth J. Newman for appellants.

J. W. Clements for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Robert E. Montgomery and wife made a verbal agreement with John W. Graves and his wife to sell them a residence in Louisville, designated as No. 554 Camden Street, for $2,000. A down payment of $800 was made and the balance agreed to be paid upon the execution of the deed. The vendors reneged and refused to convey the property, whereupon the Graves brought this suit for specific performance and damages in the sum of $10 for every day they had been and would be kept out of possession. The defendants relied upon the Statute of Frauds, pleading there was not a sufficient written contract or memorandum thereof. The trial court adjudged specific performance, but that the defendants should give only a covenant of special warranty, and awarded $1 per day damages from July 21, 1944, until the conveyance of the property. The defendants appeal.

On July 21, 1944, the vendors signed and gave their receipt to the Graves for $800 "down payment on house 554, Camden." The next day Mr. Graves made and filed an affidavit with the Office of Price Administration (OPA), stating that he had purchased the property for $2,800, and giving the source of the $800 which had been paid. At the same time Montgomery executed the following document:

"The affiant, Robert E. Montgomery, hereby certifies that he had sold to John W. Graves the property at 554 Camden Ave.; that he has read the buyer's affidavit; has received the payment as mentioned; has not lent any part of said payment to the buyer; and does not know

of any borrowing by the buyer for the purpose of making such payment.

"(Signed) Robert E. Montgomery

"Subscribed and sworn to before me this 22 day of July, 1944.

"(Signed) Antoinette Jarosch

"Notary Public, Jefferson County."

The question is whether this instrument and the receipt are sufficient to support a cause of action upon a contract for the sale of real estate. Our Statute of Frauds denies the right of action "unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent." Kentucky Revised Statutes, 371.010. The question is sharpened to the point of inquiry whether either the receipt or affidavit is sufficient as a "memorandum or note" of agreement to sell and convey. The deficiency, if any, lies in the omission of a definite description or identification of the property. The papers, it will be noticed, refer to no city, town or state; nor do they refer to the property as being that owned or occupied by the vendors.

The cases are many in which the question of sufficiency of the writing has been asked. The distinction or classification of the cases between the extremes is plain, but difficulty arises where a case may be put on one side or the other of the medium line.

It is helpful in the quest for the right answer to lay a foundation by recalling some of the fundamental reasons or principles upon which the statute rests and by which it has been interpreted. It is not to be forgotten that this statute, of ancient origin, which requires certain classes of contracts to be in writing, or a memorandum thereof signed, in order to be enforceable in law, is one of prevention, of protection against imposition by means of a claim of oral commitment. The original was entitled: "An Act for Prevention of Frauds and Perjuries." 37 C. J. S., Frauds, Statute of, section 1. The statute does not make void a parol contract of any of the classes. It but prohibits its enforcement and refuses a remedy for enforcement or breach. It requires written evidence of it. Gray v. Gray, 25 Ky. 21, 2 J. J.

Marsh. 21; Zanone v. Tashgian, 231 Ky. 454, 21 S. W. 2d 825. The requirement of the fourth section of the English statute (which is that we are dealing with here, paragraph (6) of KRS 371.010) is "but to declare that, on a trial for its enforcement, no matter what the money amount, unless it includes 'the admission in writing of the party to be charged.' " Wigmore on Evidence, section 2091. This, the learned author, classifies as a "quantitative rule" of evidence, and observes that "its evidential policy is sound." Therefore, the statute is not primarily intended to be a shield behind which one may escape and defend himself from a just demand that he keep his contract, although it has the effect of raising such a shield.

The American Law Institute, the members of which are recognized as among the ablest jurists and lawyers of the country, has declared the law to be—not what it ought to be but what it is—upon the particular state of facts and the question we now have before us, in section 207, Restatement of the Law of Contracts. It is that the memorandum in order to make a contract enforceable must state with "reasonable certainty" "(b) the land, goods or other subject-matter to which the contract relates."

The comment upon the Restatement is: "a. A written memorandum of a contract is not identical with a written contract. A written contract will indeed serve as a memorandum, but a memorandum includes also any writing which states the terms agreed upon, though not intended or adopted by the parties as a final complete statement of their agreement. The degree of partticularity with which the terms of the contract, the names or descriptions of the parties must be set out cannot be reduced to an exact formula. There must be 'reasonable' certainty and there must be accuracy, but the possibility need not be excluded that some other subject-matter or person than those intended will also fall within the words of the writing."

It is quite uniformly held that the Statute of Frauds demands a writing which itself affords a means by which the property sold can be identified, but calls for no greater certainty in the description of the subject-matter than is necessary to identify the specific property as that upon which the minds of the parties have met. It is generally

regarded as sufficient if it identifies the property when it is read in the light of the circumstances of possession or ownership and of the situation of the parties when the negotiations took place and the writing was made. 49 Am. Jur., Statute of Frauds, section 348. Instances of particular descriptions held to be sufficient or insufficient are given in 49 Am. Jur., Statute of Frauds, section 352. Many of the decisions of this court upon particular instances or descriptions are collated in Moayon v. Moayon, 114 Ky. 855, 72 S. W. 33, 24 Ky. Law Rep. 1641, 60 L. R. A. 415, 102 Am. St. Rep. 303; Campbell v. Preece, 133 Ky. 572, 118 S. W. 373; Bates v. Harris, 144 Ky. 399, 138 S. W. 276, 36 L. R. A., N. S., 154; Hall v. Cotton, 167 Ky. 464, 180 S. W. 779, L. R. A. 1916C, 1124; Dailey v. Anglin, 297 Ky. 266, 180 S. W. 2d 78, and other cases cited in the course of this opinion.

The rule against varying or adding to the terms of a contract by parol proof is not applicable. Evidence which is supplementary and explanatory is admissible to remove uncertainty by exposing it in the light of the circumstances. This is in accord with the maxim, "That is certain which can be made certain." Moayon v. Moayon, 114 Ky. 855, 72 S. W. 33, 38; 24 Ky. Law Rep. 1641; 60 L. R. A. 415, 102 Am. St. Rep. 303; Bates v. Harris, 144 Ky. 399, 138 S. W. 276, 277. The question always is, what does the incomplete memorandum cover? It is a question of designating the subject-matter or identifying that upon which the minds of the parties had definitely agreed and made evidence of it by signing a writing. Few of such writings, or even deeds, contain such specific and precise descriptions of the property that they do not require some extrinsic evidence or information to complete its identification. The courts are not in accord on the degree or kind of limitations or the character of the extrinsic evidence deemed admissible, but all quite agree that the situation of the parties and the surrounding circumstances may be shown in order that the court may be placed in the position of the parties themselves, and if the subject-matter as indicated or described in the writing can then be identified, it is enough. 49 Am. Jur., Statute of Frauds, section 349.

Our rule in Kentucky was thus expressed in Bates v. Harris, supra: "The rule is that where the writing within itself, or by reference to other writings, contains

sufficient data so that by the aid of parol evidence no question as to the intention of the parties can arise, it is sufficient. The most specific and precise description of the property requires some parol proof to complete its identification. A more general description requires more. When all the circumstances of possession, ownership, situation of the parties, and their relations to each other and to the property, as they were when the negotiations took place and the writings made, are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement. Wood on Statute of Frauds, section 353; Mead v. Parker, 115 Mass. 413, 15 Am. Rep. 110; Hyden v. Perkins, 119 Ky. 188, 83 S. W. 128, 26 Ky. Law Rep. 1099.''

Where the writing within itself or by reference to other writings furnishes some description or designation or sufficient data so that by the aid of parol evidence no question as to the intention of the parties can arise, it is deemed sufficient—the parol evidence not being to identify but to designate the subject-matter already identified in the minds of the parties by the language of the instrument when read in the light of the facts. That data may be a reference to a town, village or stream or other well-known local object, or to a former record of conveyance of the same property which enables one to point it out. Hall v. Cotton, supra. The defendant relies upon this case in which it was held that a contract dated and made in Versailles and reciting that the vendor lived in Woodford County and the vendees in Garrard County, evidencing the sale of ''our farm of 53 13/16 acres,'' was not sufficient. The writing did not give the county or state in which the land was situated or any water course nor refer to the property as being the land which had been conveyed to the vendor by a certain deed. Regard was had for the fact that the contracting parties lived in different counties, several miles apart. On the other hand, with the aid of parol proof, a writing was held binding in which the party signing it referred to ''her Muddy creek farm, * * * [embracing] 113 acres,'' where it was shown that both parties lived in the same county. Bates v. Harris, supra. It was also held sufficient where the property was referred to as the ''Vaught farm.'' Hyden v. Perkins, 119 Ky. 188, 190, 83 S. W.

128. And "my farm known, as the Jno. Baskett home farm." Posey v. Kimsey, 146 Ky. 205, 142 S. W. 703, 704. Also "my property located near Prospect, Kentucky, containing 20½ acres more or less." Huber v. Johnson, 174 Ky. 697, 192 S. W. 821. These cases are typical. See also Hanly v. Blackford, 1 Dana 1, 2, 25 Am. Dec. 114; Overstreet v. Rice, 67 Ky. 3, 4 Bush 1, 3, 96 Am. Dec. 279; Moayon v. Moayon, supra; Henderson v. Perkins, 94 Ky. 207, 211, 21 S. W. 1035; Perry v. Wilson, 183 Ky. 155, 208 S. W. 776; Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442; Stuart-McKnight & Co. v. Monroe, 222 Ky. 602, 1 S. W. 2d 1054, 1055; McNamara v. McNamara, 290 Ky. 625, 162 S. W. 2d 205.

We now direct our consideration to indefinite contracts or memoranda relating to city or town property.

It has been said that reference in the writing to the property by street and number is sufficient where the city or town is stated either in the caption or the body of the instrument or may be ascertained from the writing. 37 C. J. S., Frauds, Statute of, section 188. And we have so held. Ellis v. Deadman's Heirs, 7 Ky. 466, 4 Bibb 466 (indirectly); Tyler v. Onzts, 93 Ky. 331, 20 S. W. 256, 14 Ky. Law Rep. 321; Ochs v. Kramer, 107 S. W. 260, 32 Ky. Law Rep. 762. Of like class is Matherly v. Wright, 171 Ky. 264, 265, 188 S. W. 385, where the vendor agreed to sell "his house and five acres, more or less, located in Mackville" on a certain road, anyone acquainted in the community being able to point it out without other evidence of identity. Compare Henderson v. Perkins, 94 Ky. 207, 211, 21 S. W. 1035; Price v. Hays, 144 Ky. 535, 139 S. W. 810; Caperton v. Clarke, 203 Ky. 191, 261 S. W. 1098. But it has also been said that ordinarily such omission is fatal unless it may be inferred. 37 C. J. S., Frauds, Statute of, section 188. Thus, in Broadway Hospital & Sanitarium v. Decker, 47 Wash., 586, 92 P. 445, "house No. 422 Broadway," without anything further was held too indefinite, such description being referable to any city where a street of the name may exist, and that extrinsic evidence was not admissible to show the actual land subject to the option. Like conclusions were reached in Cooper v. Pierson, 212 Mich. 657, 180 N. W. 351, and Denison-Gholson Dry Goods Co. v. Hill, 135 Tenn. 60, 185 S. W. 723. On the other hand, in Gendelman v. Mongillo, 96 Conn. 541, 114 A. 914, 915, the

memorandum merely stated that the signers had sold to another their house at ''6 Washington Place'' upon specified terms. It was held sufficient. Said the court: ''What we do is to ascertain where 6 Washington Place is. We locate this street and number in a given place by oral proof, and then we show by oral proof that the seller owned these premises. And then we draw the inference that the parties intended to convey the 6 Washington Place which the seller owned in this given place.'' Other cases where the town or city was not mentioned but was supplied by parol evidence are: Coates v. Lunt, 210 Mass. 314, 96 N. E. 685; McDermott v. Reiter, 279 Pa. 545, 124 A. 187; Sholovitz v. Noorigan, 42 R. I. 282, 107 A. 94; Engler v. Garrett, 100 Md. 387, 59 A. 648; Heller v. Baird, 191 Wis. 288, 210 N. W. 680.

The learned members of the Institute give the following as an illustration of cases embraced within the terms of clause (b) above: ''A and B enter into an oral contract for the sale and purchase of land owned by A on the corner of X and Y streets. A memorandum, otherwise sufficient, is signed by A and B, which describes the subject-matter of the contract as 'The land on the corner of X and Y streets.' There are four different lots at the intersection of those streets. A owns but one of them. The memorandum is sufficient. It is immaterial that neither the State nor the City where the land is situated is named.''

This we accept as the law. It, obviously, opens the door for admission of parol or other evidence to aid in designating or locating the property upon which the minds of the parties had met and had merely omitted to describe more definitely in the writing. Our case of City of Murray v. Holcomb, 243 Ky. 287, 47 S. W. 2d 1026, is in accord. We there held specific performance should be adjudged of an option on ''my brick store property,'' it being shown the person signing it owned no brick store property either in the city of Murray or elsewhere except that fully described in the petition. And while not wholly applicable, because the vendee was in possession of the property as lessee, notice may be taken of Gates v. Shannon, 200 Ky. 387, 255 S. W. 79, where we held a memorandum sufficient which referred to the property as ''the building on the West side of Cumberland Avenue, known as the rink.''

The case at bar presents a little stronger case for parol designation than the above for the County is reasonably inferrable from the writing. While the memorandum refers only to a certain street and number, it bears the jurat of a notary public of Jefferson County, Ky., showing that it was executed there. It may be logically inferred from the notary's certificate that the property was in Jefferson County, Ky., and it is a matter of common knowledge that Louisville is the only city of substantial size in that county. We think it is a common sense inference because of the rare exceptions that the parties are referring to the city or town in which they live and in which the trade was made and the memorandum signed, even though the instrument does not bear the name of the city or town along with the date without specific reference to that as being the situs of the property. And that parol evidence is admissible to supplement the indefinite and incomplete written description. The parol evidence conclusively established the ownership by the defendants of property at No. 554 Camden Street in the city of Louisville, county of Jefferson, State of Kentucky, and that all the parties lived in that city and the instruments were signed there.

We concur in the conclusion of the chancellor that the contract should be specifically enforced, but are at a loss to know why the vendor was required to give only a special warranty. However, there is no cross appeal. The judgment awarding $1 a day damages is not questioned.

The judgment is affirmed.