Zimmerman, J.,
 

 dissenting. Since the memorandum of the agreement relied on by the plaintiffs is quoted in the- statement of facts preceding the majority opinion, it will not be repeated.
 

 There is a division of authority on the question of whether the memorandum of an agreement covering the sale of real property located in a municipality is sufficient to meet the requirements of the statute of frauds where the premises involved are described only by street and number, without any further identification. Some cases hold that the failure to designate the city and state is not a serious defect and that such omissions may be supplied by extrinsic evidence or by inference, while, others take the opposite view. This
 
 *413
 
 matter is discussed, with the notation of' conflicting authorities, in the case of
 
 Montgomery
 
 v.
 
 Graves,
 
 301 Ky., 260, —, 191 S. W. (2d), 399, 402. See, also, 37 Corpus Juris Secundum, 673, “Frauds, Statutes of,” Sections 187 and 188, and the cases cited in the notes.
 

 However, another reason exists ¶/bich makes the memorandum of the agreement upon which this action is based fatally defective. Such reason is that the buyer or buyers of the property are not mentioned or referred to in any way in the instrument.
 

 The first paragraph of the syllabus in the case of
 
 Kling, Admr.,
 
 v.
 
 Bordner,
 
 65 Ohio St., 86, 61 N. E., 148, reads as follows:
 

 “The memorandum in writing which is required by the statute of frauds (Section 4199, Revised Statutes), is a memorandum of the agreement between parties; and it is not sufficient unless it contains the essential terms of the agreement expressed with such clearness and certainty that they may be understood from the memorandum itself or some other writing to which it refers, without the necessity of resorting to parol proof. ’ ’
 

 In 1 American Law Institute’s Restatement of the Law of Contracts, 278, Section 207,-it is said:
 

 “A memorandum, in order to make enforceable a. contract within the statute, may be any document or writing, formal or informal, signed by the party to be charged or by his agent actually or apparently authorized thereunto, which states with reasonable certainty,
 

 “(a) each party to the contract either by his own name, or by such a description as will serve to identify him, or by the name or description of his agent, and
 

 “(b) the land, goods or other subject matter to which the contract relates, and
 

 “(c) the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made.”
 

 
 *414
 
 The leading case of
 
 Peoria Grape Sugar Co.
 
 v.
 
 Babcock Co.
 
 (C. C.), 67 F., 892, was decided
 
 under
 
 a statute providing that a written memorandum of the bargain made must be signed by the party to be charged thereby' or by his lawfully authorized representative. In its opinion, the court used this forceful and unmistakable language:
 

 “The note or memorandum in writing of the bargain * * * must disclose with substantial accuracy every fact material to constitute a contract of bargain and sale. It is, therefore, essential that such a note or memorandum shall contain within itself a description of the property agreed’ to be sold, by which it can be known or identified, of the price to be paid for it, of the party who sells it, and of the party who buys it. It is settled to be indispensable' that the written memorandum should show, not only who is the person to be charged, but also who is the party in whose favor he .is charged. The name of the party to be charged is required by the statute to be signed, so that there can be no question of the necessity of his name in the writing. But the authorities have equally established that the name, or a sufficient description, of the other party is indispensable, because without it no contract is shown, •inasmuch as a stipulation or promise by one does not bind him, save only to the person to whom the promise was made, and, until that person’s.name is shown, it is impossible to say that the writing contains a memorandum of the bargain.”
 

 There can be .no valid memorandum of a contract within the statute of frauds which does not disclose who are the contracting
 
 parties. Sanborn
 
 v. Flagler, 91 Mass. (9 Allen), 474, 476.
 

 This question is the subject of an annotation in 70 A. L. R., beginning at page 196, and the following comments made in that annotation, supported by many cases, are significant:
 

 
 *415
 
 “It is the general rule that, to satisfy the requirements of the statute of frauds, there must be some writing identifying the contracting parties.”
 

 “In accordance with the view expressed by the courts in the cases heretofore considered, that a memorandum for the sale of property, to be sufficient to satisfy the statute of frauds, must identify the parties, it is clear that such a memorandum is insufficient unless the buyer or vendee is therein identified, even though his signature to the memorandum is not essential because he is not the party sought to be charged. ’ ’
 

 See 37 Corpus Juris Secundum, 677, “Frauds, Statute of,” Section 193; 49 American Jurisprudence, 649, Section 337.
 

 It may be superfluous to add that “parol evidence is not admissible to supply a deficiency in the memorandum with respect to the parties to the contract, although such evidence is admissible to show to which parties the memorandum applies and to identify a party described but not named.” 37 Corpus Juris Secundum, “Frauds, Statute of,’’.Section 282, at page 813.
 

 In my opinion, the demurrer to the amended petition was properly sustained and the judgments of the lower courts in favor of Joseph R. McNutt were right. Where the record shows that the judgment of a court is in fact correct, the reasons assigned therefor are immaterial. 23 Ohio Jurisprudence, 816, Section 512.
 

 Weygandt, C. J., concurs in the foregoing dissenting opinion.