## BURTON v. LAFAVERS et al.

Court of Appeals of Kentucky.

Nov. 13, 1952.

Rehearing Denied Feb. 27, 1953.

H. K. Spear, Somerset, L. C. Lawrence, Jamestown, for appellant.

Leonard E. Wilson, Jamestown, Sam C. Kennedy, Somerset, for appellees.

CAMMACK, Chief Justice.

The question involved on this appeal is whether a memorandum executed in negotiations for the sale of land is sufficient to take the transaction out of the Statute of Frauds, KRS 371.010(6). The appeal is from a judgment holding that the writing was insufficient.

Mr. and Mrs. Lafavers, as vendors, executed the following writing to the vendee, Thelmer Burton:

"this is to show that Thelmer Burton Bought my place for 6000.00 Payed 100 down this day June 23, 1951."

This action for specific performance was instituted when the Lafavers refused to execute a deed for the land.

■ Under KRS 371.010(6), a writing is required to be sufficient in itself to identify the property sold. Generally, the description is regarded as sufficient if it identifies the property when it is read in the light of the circumstances of possession or ownership and of the situation of the parties when the negotiations took place and the writing executed. Montgomery v. Graves, 301 Ky. 260, 191 S.W.2d 399, and cases cited therein.

■ The pleadings show that the Lafavers owned two adjoining tracts of land in Russell County and that they did not own any other land in the county or in the state. Moreover, the land in question is the land intended to be conveyed under the memorandum. We think the writing is sufficient to identify the property. "My place" is a colloquial expression which identifies the habitat of the owner with relative certainty. In Henderson v. Perkins, 94 Ky. 207, 21 S.W. 1035, 1036, the words "my home place and storehouse" were held to be sufficient to identify the property. See also Moayon v. Moayon, 114 Ky. 855, 72 S.W. 33, 60 L.R.A. 415, for a discussion of similar expressions held to be sufficient.

Judgment reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.

DUNCAN, J., not sitting.