## Kentucky Counties Oil Company v. Cupler.

(Decided October 10, 1924.)

### Appeal from Allen Circuit Court.

1. Mines and Minerals—Receipt Held to Evidence Sale, and Not Mere Option to Purchase Lease.—Receipt held to evidence sale of oil lease, and not mere option to purchase.

2. Frauds, Statute of—Oil and Gas Lease Must be in Writing.—Oil and gas lease authorizing lessee to enter land and explore it and remove oil and gas, conveys interest in land, and must be in writing.

3. Frauds, Statute of—Assignment of Oil and Gas Lease Must be in Writing.—An assignment of an oil and gas lease authorizing lessee to enter on land and explore and remove oil and gas must be in writing.

4. Frauds, Statute of—Memorandum of Sale of Land Must Furnish Means of Identifying Subject-Matter.—Written contract or memorandum of sale of real estate, or interest in it, must itself furnish means of identifying subject-matter.

5. Frauds, Statute of—Receipt on Sale of Oil and Gas Lease Held Not Sufficient Memorandum of Sale.—Receipt for money given on sale of oil and gas lease referring only to "Sanders lease, Allen Co.," held not to sufficiently identify land to satisfy statute.

6. Frauds, Statute of—Vendee who Makes Payment Under Unenforceable Contract May Recover.—Vendee who pays part of purchase price of oil and gas lease, under contract unenforceable, because not complying with statute of frauds, may recover same from vendor after latter has placed it out of his power to execute

contract by sale of lease to another, there being no consideration for such payment.

THOMAS, THOMAS & LOGAN for appellant.

CHANEY & DIXON for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Prior to the 12th of October, 1921, appellant, through one of its officials, had oral negotiations with appellee, Cupler, and his associate McPherson, with a view to selling them an oil lease, known as the Sanders lease in Allen county, for $7,000.00.

On that day Cupler paid to the company $1,500.00, and there was executed to him the following writing:

"Bowling Green, Ky., Oct. 12, 1921, $1,500.00. Received of E. H. Cupler fifteen hundred and 00/100 dollars on a/c purchase of Sanders lease, Allen Co., purchase price $7,000.00. Balance to be paid within 30 days. Balance due $5,500.00. The above to represent first payment on said lease. Kentucky Counties Oil Co., G. Howard Duvall, Comptroller."

McPherson, Cupler's associate, who had been a party to the previous negotiations, and who was to put up part of the money for the purchase, declined to enter into the deal, and Cupler was unable to raise the balance of the purchase price within the thirty days. There was, however, granted to him one or two extensions of time in which to raise the money, and in one form or another negotiations looking to that end were continued up to the 21st of December. On that day Cupler received a telegram from his father at his former home in Maryland indicating that a friend there would go into the deal with him, but desired certain detailed information as to the title, acreage, etc., of the lease. This telegram was shown to the official of the company who had theretofore conducted the negotiations upon its part, and that official informed Cupler that another was at that time negotiating for the purchase of the property, but that he did not expect the deal to go through. That official also suggested to Cupler that he go to his home in Maryland to see if he could interest his friend there, with the understanding Cupler was to be notified if anything occurred in his absence as to the sale of the property, and with the additional understanding that he might wire the money back from Maryland and close the deal in that way.

On the 23rd of December appellant sold the lease to a third party.

This is an equitable action by Cupler wherein he seeks a recovery from the company of the $1,500.00 so paid. The answer is a denial of the sale, and it is affirmatively pleaded that by verbal agreement defendant had agreed to sell the lease to the plaintiff, but had accepted the $1,500.00 as a payment for an exclusive option on the lease for a period of thirty days, and that at the time of its payment it was understood and agreed same was to take the place of an option contract or escrow agreement, and that the $1,500.00 was to take the place of the customary payment made on such escrow agreements, and in payment for the exclusive option, with the further agreement that if plaintiff failed to complete the purchase and pay the balance of the purchase price within thirty days defendant might retain the $1,500.00 as liquidated damages, and as payment for the exclusive option.

The cause was prepared and on final submission the court entered a judgment for the plaintiff for the $1,500.00 with interest, from which this appeal is prosecuted.

The answer of defendant affirmatively alleges:

"That by a verbal agreement and as a result of verbal negotiations it agreed to sell to the plaintiff a certain lease and the defendant at the request of plaintiff agreed to accept $1,500.00 as earnest money or as payment for an exclusive option on said lease for a period of thirty days,"

and then refers to the receipt executed by the defendant at the time of the payment, above quoted, and alleges it was agreed at the time the same was to take the place of an option contract or escrow agreement, and that the $1,500.00 was paid for such exclusive option, and with the understanding that if plaintiff failed or refused to complete the purchase and pay the balance of the purchase money in thirty days such first payment should be retained by defendant as liquidated damages, and as payment for the exclusive option. That receipt, however, on its face evidences a sale, for it refers to

"Purchase of Sanders lease, Allen Co.,"

and refers to the $1,500.00 then paid as

"First payment on said lease."

Notwithstanding these unmistakable references to a sale and purchase, and although defendant in its answer alleges that the $1,500.00 was paid for an exclusive option for thirty days, there is no allegation therein seeking to reform that instrument, or alleging that anything therein was inserted by the mutual fraud or mistake of the parties, or that anything was omitted therefrom by such fraud or mistake.

It remains therefore only necessary to determine whether the receipt constituted an enforceable contract of sale for the lease, and if not whether the plaintiff may recover from defendant the payment made by him upon such unenforceable contract.

In the first place, it has been distinctly held by this court that an oil and gas lease authorizing the lessee to enter on the land and explore it and remove therefrom oil and gas, conveys an interest in the land, and must under the statute of frauds be in writing, and that the assignment of such a lease is likewise required by such statute to be in writing.  Beckett-Iseman Oil Co. v. Backer, 165 Ky. 818.

It is further the well recognized rule in this state that the written contract or memorandum of the sale of real estate, or any interest in it, must itself furnish the means of identifying the subject matter thereof; and a description of the land in the contract or memorandum which fails to furnish such means of identification is insufficient and does not satisfy the statute of frauds. The reference in the receipt is to

"Sanders lease, Allen co."

There is nothing to show what Sanders is referred to, there is nothing to indicate the section of the county in which the lease is located, there is no reference to a stream or any well known local object, and nothing in the face of the instrument of any character or nature to itself furnish the means of identification.

In the case of Beckett-Iseman Oil Co. v. Backer, 165 Ky. 818, the only description was:

"The 1,400 acres in Wayne county which we have had some correspondence in regard to,"

and in holding that description insufficient the court said:

"It is the rule in this state that the subject matter of a contract must be contained in the contract

and the writing or memorandum relied on must afford the means of identification. Unless it does the contract is within the statute of frauds. Brice v. Hays, 144 Ky. 535; Bates v. Harris, 144 Ky. 399.''

In the case of Hall v. Cotton, 167 Ky. 464, the description was:

"Their farm of 53 13/16 acres,"

and the court, after reviewing many cases in this state on that subject, held the description insufficient and the contract unenforceable, and in doing so said:

"The evidence of identity must be furnished by the description in the writing, and where in such writing there is no reference to any town, village or stream, or other well known local object, or to a former record conveyance of the same property, which would enable one to point out such property from the reference in the description, and there must be a resort to evidence not furnished by the writing itself to identify the subject matter, then it will be regarded as insufficient."

Measured by these rules it is clear there is no such identification of the subject matter of the contract as makes it enforceable by either party. McCulloch v. McCombs Producing & Refining Co., 191 Ky. 518.

The remaining question is whether a vendee, who pays part of the purchase price for land under an unenforceable contract, may recover same from the vendor after the latter has placed it out of its power to execute the unenforceable contract by the sale of the property to another. Similar questions have frequently arisen in this state, and the uniform ruling has been that such right of recovery exists.

Under the facts here presented appellee paid $1,500.00 on the purchase price of a lease, under a contract which was never enforceable by either party, and thereafter appellant conveyed the same property to another. A bare statement of the proposition shows there was no consideration for the payment of the $1,500.00, and in good conscience it should be returned. Padgett v. Becker, 145 Ky. 227; Granger v. Jenkins, 156 Ky. 257; Grace v. Gholson, 159 Ky. 359.

Judgment affirmed.