**548**

William RANDLETT et al., Appellants,

v.

James SHARP, Appellee.

Court of Appeals of Kentucky.

Oct. 23, 1959.

William T. Carroll, Gant & Carroll, Owensboro, for appellants.

William L. Wilson, Wilson & Wilson, Owensboro, for appellee.

CLAY, Commissioner.

This action was brought by plaintiff-appellants to obtain specific performance of an oral agreement allegedly made by defendant to assign an undivided working interest in an oil lease. The defense of the statute of frauds was interposed and sustained.

The original complaint alleged that defendant agreed to sell and assign to plaintiffs a working interest in the Chester Miller oil and gas lease, but had failed to do so. Specific performance was sought, and also an accounting.

■ The agreement sued on was not in writing. The only written evidence of such a contract consists of five receipts for $450, which bear the notation "1/32 interest C. Miller lease * * * Daviess County, Kentucky." A much more comprehensive receipt, having a similar reference to the subject matter, was held deficient for failure to identify the property and consequently not to satisfy the statute of frauds in Kentucky Counties Oil Co. v. Cupler, 204 Ky. 799, 265 S.W. 334. On the basis of this direct authority, the Chancellor correctly determined the statute of frauds constituted a complete defense to plaintiffs' original complaint.

Plaintiffs thereafter amended the complaint, and alleged that *after* the original agreement, plaintiffs entered into new negotiations with defendant and he assigned plaintiffs a working interest in what is

known as the Hawkins lease. Plaintiffs allege that this new transaction was the result of fraudulent misrepresentations by the defendant, and that if plaintiffs had known the true facts they would not have accepted the Hawkins assignment in lieu of the agreement originally entered into. They then asked that the new assignment be reformed by converting it into an assignment of an interest in the Chester Miller lease.

Plaintiffs' position is this: If the party sought to be charged in an agreement unenforceable under the statute of frauds subsequently commits fraudulent acts, and as a result thereof executes a written contract relating to an entirely different subject matter, an equity court may, and should, reform the subsequent writing to the extent of converting it into the original agreement and should thereupon enforce the original agreement. This Court has considered many different circumstances which, in lieu of a writing, might satisfy the statute of frauds, but this is one of the most unusual we have recently had presented. No claim is made that the new transaction constituted performance of the original agreement. No claim is made that the written assignment subsequently executed related to the Miller lease.

The attempt to reinstate the Miller lease agreement by reformation of the Hawkins lease assignment must fail for two obvious reasons: (1) the Hawkins lease assignment correctly and completely embodied the agreed terms of the new transaction; and (2) when this assignment was executed the plaintiffs and the defendant had no pre-existing agreement concerning the Miller lease *which they intended to embody therein.* See Farley v. Gibson, 235 Ky. 164, 30 S.W.2d 876.

We return to the original agreement sued upon and sought to be enforced by both the original and amended complaint. This agreement involved an interest in land and was not in writing. No subsequent actions of the parties or circumstances, which might take the place of the certainty of a writing, evidence the existence of that agreement. There is nothing to reform, and the allegations of subsequent fraud have no pertinency to this lawsuit. Plaintiffs still remain where they started, with no enforceable agreement which equity can order specifically performed.

The judgment is affirmed.