**Rosa B. SULLIVAN, Appellant,**

v.

**Garrett LAY and Wife, Lucy Lay, Appellees.**

Court of Appeals of Kentucky.

June 12, 1970.

J. B. Johnson, Williamsburg, for appellant.

Emby A. McKeehan, Williamsburg, for appellees.

NEIKIRK, Judge.

On January 3, 1969, the appellant, Rosa B. Sullivan, signed the following memorandum:

"Julip, Kentucky 40736
January 3, 1969

Received of Garrett Lay and Lucy Lay the sum of $1000.00 (One Thousand) Dollars down payment on farm at Julip, Kentucky. The remainder ($3,000.00) to be paid on possession date April, 1969."

Appellees Garrett Lay and Lucy Lay sought specific performance upon the above-quoted writing. The appellant filed an answer pleading the Statute of Frauds. KRS 371.010.

The case was submitted to the trial court for judgment upon the following agreed order signed by the attorneys and the court:

"By agreement of the parties, by counsel, in open court this cause is now submitted to the Court for judgment and a declaration of rights on the plaintiffs' petition for same and defendant's answer. All other pleadings waived.

"This the 19 day of August, 1969."

The trial court entered judgment decreeing specific performance, and the sole question presented by appeal to this court is whether under the Statute of Frauds the written instrument is sufficient to sustain a decree of specific performance.

The applicable portion of the Statute of Frauds, KRS 371.010, reads as follows:

"No action shall be brought to charge any person:

\* \* \* \* \* \*

"(6) Upon any contract for the sale of real estate, \* \* \*;

\* \* \* \* \* \*

"unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, \* \* \*."

Appellant insists that in the writing under consideration there is neither identity or designation sufficient to meet the requirements of the Statute of Frauds. We do not agree.

In Wheeler v. Keeton, Ky., 242 S.W.2d 1013, we said:

"\* \* \* by numerous decisions of this Court we have enlarged on the statute, or construed it to mean that the real estate contemplated must be sufficiently designated or designated with such reasonable certainty as to locate it, else extrinsic evidence for the purpose of location would not be allowable."

In Posey v. Kimsey, 146 Ky. 205, 142 S.W. 703, it is stated:

"The well-established rule in this state is that, if a writing contains such a description of or reference to the land as that it may be identified by parol evidence, it will be sufficient. It is not essential that the paper itself shall contain such a description of the land as that it may be identified or exactly located by the mere reading of the paper. * * "

See also Mahaffey v. Wilson, Ky., 317 S.W.2d 888.

In Montgomery v. Graves, 301 Ky. 260, 191 S.W.2d 399, we said:

"It is quite uniformly held that the Statute of Frauds demands a writing which itself affords a means by which the property sold can be identified, but calls for no greater certainty in the description of the subject-matter than is necessary to identify the specific property as that upon which the minds of the parties have met. It is generally regarded as sufficient if it identifies the property when it is read in the light of the circumstances of possession or ownership and of the situation of the parties when the negotiations took place and the writing was made. 49 Am.Jur., Statute of Frauds, § 348. Instances of particular descriptions held to be sufficient or insufficient are given in 49 Am.Jur. Statute of Frauds, § 352. * * * "

The intention of the parties in the instant case is clear. Appellant sold appellees a farm located at Julip, Kentucky. The language "The remainder ($3,000.00) to be paid on possession date April, 1969." clearly shows that appellant was the owner and in possession of the farm, and did not intend to surrender this ownership or possession until appellees paid the balance of $3,000. This possession by appellant and the certainty of the identity of location, as well as the intention of the parties gathered from the writing, are sufficient to satisfy the Statute of Frauds.

Many cases are referred to by counsel in their respective briefs. To review them would not serve too great a purpose. It is recognized that real estate contracts have been the subject of much controversy. Conclusions in each case vary because of the wording, the facts, and the circumstances attending the making of the contract.

The writing within itself designates the subject matter already identified in the minds of the parties by the language of the instrument. The intention of the parties is sufficiently set forth. The writing is deemed sufficient.

Judgment is affirmed.

All concur.