**Helen COUGLER, Appellant,**

v.

**Curtis FACKLER, Appellee.**

Court of Appeals of Kentucky.

May 17, 1974.

Daniel B. Boone, Louisville, for appellant.

Ephraim K. Lawrence, Jr., Louisville, for appellee.

REED, Justice.

Helen Cougler, defendant-appellant of Louisville, Kentucky, appeals from a $4,300 judgment entered in accordance with a jury verdict against her and in favor of Curtis Fackler, plaintiff-appellee. Mrs. Cougler's brief describes her status as "married woman" and her vocation as "prostitute." Mr. Fackler, a trucker of livestock from out of town, advises us in his brief that he availed himself of the services of Mrs. Cougler, whom he describes as "an eighteen dollar Planter's Cafe Prostitute." According to Fackler, from their first meeting at Planter's Cafe (in the haymarket area of Louisville), "they had sex on a paying basis." Fackler's brief assures us that he is "not asking for this money back nor is he claiming his payments were excessive."

Fackler based his lawsuit on what he alleged was a separate commercial transaction entirely independent of and untainted by the illicit relationship. Mrs. Cougler, on the other hand, strenuously insisted that the only transactions between them were

payments of money for sexual favors received.

According to Mr. Fackler, Mrs. Cougler wanted to purchase a house from a friend. She asked Fackler to make the down payment in return for which she promised to deed the house to him when she secured title to it in her name. He testified that he gave her $950 as a down payment, $874.67 for cabinets, $150 for wiring, $700 to pay bills, $350 for carpeting, and made at least 18 monthly payments of $80 each on the loan secured by a mortgage on the house. Fackler said that Mrs. Cougler made repeated promises to deed the house to him; each time she asked him for money, she promised to deed the house to him after he gave her the money. She failed to deed the house to him.

Mrs. Cougler testified that she never discussed a deed with Mr. Fackler or caused him to believe that the property would be deeded to him. She denied that Fackler paid to her the down payment on the house or paid for the carpeting or wiring. She said that her husband paid for the new cabinets, after Fackler had purchased her old ones for $150. She admitted that some of the furniture in the house came from Fackler, but claimed that it represented gifts for her sexual favors.

Although the briefs for the parties are devoted to a discussion of fraud as the legal issue involved, the truth is that the evidence established that the real problem is whether Fackler is entitled to recover by way of restitution for money paid under an unenforceable oral agreement, if such agreement was made in fact. Restitution is a remedy of equity rather than a common law rule.

It appears to us that three issues were presented by evidence: (1) was the oral contract made; (2) if it was made, was the consideration for it, in whole or in part, illicit sexual intercourse or the continuance of such an illicit relationship or was the consideration quite independent of the admitted illicit relationship; (3) how much money did Fackler pay out as his performance of the claimed oral agreement?

■ A bargain in whole or in part for and in consideration of illicit sexual intercourse or a promise thereof is illegal; but subject to this exception such intercourse between parties to a bargain previously or subsequently formed does not invalidate it. Restatement of the Law of Contracts, § 589 (1932). See also Croslin v. Scott, 154 Cal.App.2d 767, 316 P.2d 755 (1957).

According to Corbin, it is the rule that: "A bargain between two persons is not made illegal by the mere fact of an illicit relationship between them, so long as that relationship constitutes no part of the consideration bargained for and no promise in the bargain is conditioned upon it." Corbin on Contracts, § 1476, at 622 (1962). See also Williston, A Treatise on the Law of Contracts, § 1745 (3d ed. 1972); 17 C. J.S. Contracts § 266 (1963). We hold that if the claimed oral agreement was made it was a legal contract as between the parties if no part of the consideration was the illicit relationship.

■ If the oral agreement was a legal contract, it was, nevertheless, unenforceable under the Statute of Frauds as an oral agreement to convey real estate. KRS 373.010. Where, however, an otherwise legal contract is unenforceable by reason of the Statute of Frauds, the remedy of restitution to prevent unjust enrichment is available unless the statute that makes the contract unenforceable prohibits the remedy, or if the purpose of the statute would be nullified by granting such a remedy. Restatement of the Law of Contracts, § 355, at 614, 615 (1932). Cf. Kentucky Counties Oil Co. v. Cupler, 204 Ky. 799, 265 S.W. 334 (1924), with Louisville Trust

Company v. Monsky, Ky., 444 S.W.2d 120 (1969). See also Restatement of the Law of Restitution, § 108 (1937).

■ Over Mrs. Cougler's specific objection the trial court instructed the jury that the law was for Mr. Fackler and that he was entitled to recover any amounts that the jury found he had paid for the purchase of the house and other items unless the jury believed that the money was paid "solely because of the illicit relationship existing between the parties in which latter event the law is for [Mrs. Cougler], and [the jury] will so find." This instruction was prejudicially erroneous.

If the case is retried before a jury as the fact finder, the instructions should first require determination of whether the oral agreement claimed by Fackler was made; then if the finding is that the agreement was made, a determination should be made concerning whether the consideration for the bargain consisted in whole or in part of the illicit relationship or was wholly independent of it; finally, if it be found that the agreement was made for a consideration wholly independent of the illicit relationship, the amount of money paid by reason of such agreement should be determined. Based upon these findings, the court will enter judgment for the party entitled.

If no agreement was made there can be no recovery. If the agreement was made but for an illegal consideration no recovery can be adjudged. If the agreement was made and the consideration for it untainted, Fackler is entitled to recover by way of restitution the amounts of money he paid Mrs. Cougler in performance of the agreement.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.