Mrs. L. E. OWEN, Appellant,

v.

Robert L. DAYSON, Patricia A. Dayson, Patricia Ann Dayson, Edith M. Wilson, Edward B. Mersch, Margaret R. Mersch and Ashland Oil, Inc., Appellees.

Court of Appeals of Kentucky.

Oct. 21, 1977.

Discretionary Review Denied
April 4, 1978.

Robert G. Hunt, King, Deep & Branaman, Henderson, for appellant.

Benjamin C. Cubbage, Jr., Trimble, Cubbage, Lindsay & Thomason, Henderson, Ralph C. Wible, Sandidge, Holbrook & Craig, Owensboro, for appellees.

Before HAYES, HOGGE and LESTER, JJ.

LESTER, Judge.

This appeal involves the sufficiency of a description of a gas and oil lease in order to comply with the statute of frauds.

Appellant herein is a nominal party since her husband transacted all of his business in her name and acted with full authority as her agent.

Leslie Owen is a semi-retired dealer in oil and gas leases who has been so engaged since 1922 while Robert L. Dayson styles himself as being in the business of oil exploration and production with his stationery denominating him as a geologist. Dayson and the other appellees herein (except Ashland Oil, Inc.) owned all of the working interest (⅞ of the production, the remaining ⅛ being the landlord's retained royalty in interest) in an oil lease located in McLean County known as the Bodo Lloyd Lease. Dayson had full authority to act as agent for the co-owners and, in such capacity, he had several discussions with Owen concerning the sale of the lease and in furtherance of the proposal, the two agents went to the offices of Kenneth Ragland, an attorney representing the land owner, Bodo Lloyd. In order to consummate the transaction, Owen wrote a check dated August 14, 1972, drawn upon the account of Mrs. L. E. Owen in the amount of $3,000.00 payable to "Kenneth N. Ragland, Atty." which instrument recited in the lower lefthand corner "(f)or the Bodo Lloyd Oil Lease WI $^{32}/_{32}$ of the ⅞ WI". The endorsement on the draft was "Kenneth Ragland, Attorney." The lawyer was to draw assignments of the lease and when this was accomplished, agent Dayson was to get the money held in escrow. Prior to completion of the lease purchase, appellees decided not to sell their interests and in reply to an inquiry from Owen's lawyer, Dayson wrote a letter cancelling the transaction which document made no other reference to the subject matter than the words "Bodo Lloyd Lease.".

Appellant filed her action for specific performance and after extensive pleadings, briefings and depositions, the trial court sustained appellees' motion for summary judgment upon the theory that the writing

supporting the purported transaction failed to satisfy the statute of frauds (KRS 371.010). The precise question presented to this court is whether the description upon the check and the letter of repudiation are sufficient writings to take the matter outside of the prohibitions of the statute of frauds.

■ The conveyance or assignment of a working interest in an oil and gas lease constitutes an interest in real estate within the meaning of the statute of frauds. *Barnett v. Hagans*, Ky., 445 S.W.2d 839 (1969); 37 *C.J.S.* Statute of Frauds § 112 c, at 603; I *American Law of Property* § 3.56 at 294; II *American Law of Property* § 10.12 at 544. In the case at bar, we must determine if description of the subject matter as contained in the check written by appellant and the letter drafted by appellee is sufficient and if the endorsement by attorney Ragland upon the check constitutes an agency upon behalf of appellees so as to satisfy KRS 371.010 when it provides:

(N)o action shall be brought to charge any person:

.    .    .    .    .

.    .    . (6) Upon any contract for the sale of real estate, or lease thereof for longer than one year;

.    .    .    .    .

.    .    . unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent .    .    .

The vast majority of reported opinions dealing with the issues presented to us involve the sale of parcels of real estate as opposed to the assignment of a mineral lease. Assuming there would be no great distinction in the average litigation, one does in fact exist here because the evidence reflects that at a time proximate to the transaction before us for the "Bodo Lloyd" lease the parties had indulged in some discussions concerning not one but two other leases known as the "E. A. Lloyd" leases. We glean from the brief evidence in this respect that the three different leases were adjacent to each other. Appellant argues that *Sullivan v. Lay*, Ky., 457 S.W.2d 266 (1970) "overhauled" the law of this jurisdiction finding its basis in *Montgomery v. Graves*, 301 Ky. 260, 191 S.W.2d 399 (1945) and should be controlling here. In *Sullivan, supra*, there was a memorandum dated at Julip, Kentucky, mentioning a "farm at Julip, Kentucky," signed by the person sought to be charged (the vendor) which set forth the basic terms of the transaction while in *Montgomery, supra*, there was a receipt for a "house 544, Camden" signed by the vendor. Moreover, the Court, in the last mentioned case, gave great significance, 301 Ky. at p. 268, 191 S.W.2d 399, to the affidavit executed by one of the sellers which bore the jurat of a notary public of Jefferson County, Kentucky, thus inferring that the property was situated in a specific county and state.

In *Sullivan v. Lay, supra*, Judge Neikirk wrote (457 S.W.2d p. 268):

It is recognized that real estate contracts have been the subject of much controversy. *Conclusions in each case vary* because of the wording, the facts, and the circumstances attending the making of the contract. (emphasis added)

Thus, it appears that each case must be decided upon its own peculiar set of facts.

■ Kentucky is not devoid of oil and gas lease litigation involving a statute of frauds question as evidenced by *Barnett v. Hagans, supra, Lively v. Elkhorn Coal Co. Inc.* 101 F.Supp. 1014 (E.D.Ky.1952) aff'd. 206 F.2d 396 (6th Cir. 1953), and the leading case of *Kentucky Counties Oil Company v. Cupler*, 204 Ky. 799, 265 S.W. 334 (1924) as affirmed by *Randlett v. Sharp*, Ky., 328 S.W.2d 548 (1959). In *Randlett*, Commissioner Clay wrote:

The agreement sued on was not in writing. The only written evidence of such a contract consists of five receipts for $450, which bear the notation "1/32 interest C. Miller lease * * * Daviess County, Kentucky." A much more comprehensive receipt, having a similar reference to the subject matter, was held deficient for failure to identify the property and con-

sequently not to satisfy the statute of frauds in *Kentucky Counties Oil Co. v. Cupler,* 204 Ky. 799, 265 S.W. 344. On the basis of this direct authority, the Chancellor correctly determined the statute of frauds constituted a complete defense to plaintiffs' original complaint.

Neither *Randlett,* nor *Cupler,* has been specifically overruled, nor have they been by implication as appellant urges. They are the latest authority directly in point on *sufficiency of a description of an oil and gas lease* as affected by the statute of frauds and since each of those cases had a more detailed description (Sanders lease, Allen Co. and ⅟₃₂ interest C. Miller lease . . . Daviess County, Kentucky) than the case at bar we must conclude that the references to the subject-matter as contained in appellant's check and appellees' letter are insufficient to remove this case from the prohibition of the statute of frauds.

For the reasons stated above, the judgment of the McLean Circuit Court is affirmed.

All concur.