RENDERED: JANUARY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0474-MR

LORI L. LOVEJOY                                                                               APPELLANT

APPEAL FROM HOPKINS CIRCUIT COURT
v.          HONORABLE CHRISTOPHER B. OGLESBY, JUDGE
ACTION NO. 24-CI-00755

JASON W. LOVEJOY; SHARON W.
MATHIAS; AND STEVEN W.
MATHIAS                                                                                      APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND ECKERLE, JUDGES.

THOMPSON, CHIEF JUDGE: Lori Lovejoy appeals from an order dismissing her complaint. We believe that the dismissal of her complaint was erroneous; therefore, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

At the time of the underlying complaint, Appellant was married to Jason Lovejoy. Sharon and Steven Mathias are Mr. Lovejoy's parents. The

Mathiases are the owners of real property located in Hopkins County, Kentucky. Appellant alleges that in 2007, she and Mr. Lovejoy entered into a land contract with the Mathiases to purchase the property.[1]  There was no written agreement. Appellant claims that, in exchange for the property, she and her husband paid to the Mathiases the full mortgage payment each month.  They also paid the property taxes and property insurance.  Appellant claims that once the mortgage was fully paid, the Mathiases were to transfer the property to the Lovejoys.  The mortgage was fully paid in 2022 and the Lovejoys no longer made the monthly payments; however, there was no transfer of ownership of the property.

Appellant and her husband later separated and began divorce proceedings.  Mr. Lovejoy also moved from the home.  The Mathiases eventually began eviction proceedings against Appellant, claiming that Appellant was a renter, and they wanted her to leave the property so they could sell it.  On September 19, 2024, Appellant filed a complaint seeking to quiet title to the property.  She alleged that the Mathiases have breached the contract to sell the land and have been unjustly enriched.  She requested that the court declare the property belonged to the Lovejoys.  On October 14, 2024, Appellees filed an answer and alleged that there was no land contract and the Lovejoys were merely renters.

---

[1] The Lovejoys were also living at that location at the time.  It is unclear from the record when they began living at the property, but presumably it was around the same time.

They further claimed that even if there was a land contract, it was invalid as being contrary to the statute of frauds, which prohibits the bringing of a cause of action for the sale of real estate unless the contract or agreement is in writing. Kentucky Revised Statutes (KRS) 371.010(6).

On December 23, 2024, Appellees filed a Kentucky Rules of Civil Procedure (CR) 12.02(f) motion to dismiss. That same day, Appellant filed a motion seeking leave to amend her complaint. She also filed the proposed amended complaint which raised an additional cause of action, that Appellees be equitably estopped from raising the statute of frauds as a defense. On January 28, 2025, a hearing was held on the motion to dismiss and the motion to amend the complaint. The court took up the motion to dismiss first and held that an oral agreement for the sale of land is unenforceable pursuant to the statute of frauds. The court then dismissed the case. The court then stated that it would not make a ruling on the motion to amend the complaint as it had already dismissed the case.

On January 29, 2025, an order was entered dismissing the case due to the statute of frauds. The order also stated that the motion to amend the complaint was denied. Appellant then moved to alter, amend, or vacate the order. The court altered the order dismissing and acknowledged that it did not rule on the motion to amend the complaint, but otherwise upheld the order. This appeal followed.

## ANALYSIS

Appellant argues that the trial court should not have dismissed her case because she raised valid causes of action that should have been allowed to proceed. Specifically, she claims that her unjust enrichment claim should survive a motion to dismiss even if the alleged oral contract for the property was invalid due to the statute of frauds.

> CR 12.02 allows a defendant to file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. That motion admits as true the material facts of the complaint. If granted, the motion serves to expediently terminate litigation, however, when ruling on a motion to dismiss, the court's attention . . . should be directed only to the sufficiency of the allegations in the complaint. A complaint should not be dismissed unless it appears to a certainty that [the] plaintiff would not be entitled to relief under any statement of facts which could be proved in support of the claim. We review the trial court's dismissal, as a matter of law, [*de novo*].

*Seiller Waterman, LLC v. RLB Properties, Ltd.*, 610 S.W.3d 188, 195 (Ky. 2020) (internal quotation marks and citations omitted).

We agree with Appellant that dismissing the case at this juncture was erroneous. While the statute of frauds would invalidate any oral contract, unjust enrichment could still be a viable claim. *See Cougler v. Fackler*, 510 S.W.2d 16, 18 (Ky. 1974); *Duke's Adm'r v. Crump*, 185 Ky. 323, 215 S.W. 41, 42 (1919). The elements of unjust enrichment are: "(1) benefit conferred upon defendant at

-4-

plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value." *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009). Appellant alleges in her complaint that she and her husband paid the mortgage of the home with the understanding that the property would eventually be deeded to them once the mortgage was fully paid. She also claims that she and her husband paid for the property taxes and property insurance. If proven, this would seem to meet the elements of unjust enrichment. While Appellees claim that the payments were rent payments only, and not payments going toward a purchase price, we must accept Appellant's allegations as true for the purposes of a motion to dismiss.

The unjust enrichment cause of action should survive the motion to dismiss. Seeing as we are holding that Appellant's original complaint should not have been dismissed, the trial court must also rule on her motion to amend the complaint. If the trial court allows her to amend her complaint, then all the causes of action, breach of contract, unjust enrichment, and equitable estoppel, should move forward. If the court denies her motion to amend the complaint, then only the unjust enrichment cause of action should move forward.

## CONCLUSION

Based on the foregoing, we reverse and remand. The trial court erred in dismissing Appellant's complaint because her allegations were sufficient to

overcome a CR 12.02 motion to dismiss.  In addition, the trial court must now also rule on Appellant's motion to amend her complaint.

ALL CONCUR.


BRIEF FOR APPELLANT:

William Clint Prow
Providence, Kentucky

BRIEF FOR APPELLEES:

Taylor C. Evans
Madisonville, Kentucky